# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LORILI SEDILLO** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **NO. 09-3348** |
| **STATE FARM MUTUAL AUTOMOBILE** | * | |
| **INSURANCE COMPANY, MARY BULMER,** | * | |
| **PROGRESSIVE SECURITY INSURANCE** | * | |
| **COMPANY, TIFFANY MERRIMAN** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is the Motion for Summary Judgment by Defendants Progressive

Security Insurance Company (hereinafter "Progressive") and Tiffany Merriman. (Rec. Doc. 6).

For the following reasons the motion is GRANTED.

## I.        BACKGROUND

On February 10, 2008, Lorili Sedillo, Plaintiff, was a passenger in a vehicle driven by

Tiffany Merriman, Defendant (hereinafter "the Merriman vehicle"). The Merriman vehicle was

traveling on Annunciation Street when it was struck on the passenger side by another vehicle

driven by Mary Bulmer, Defendant (hereinafter "the Bulmer vehicle"). The Bulmer vehicle was

traveling on Calliope Street, and the collision occurred at the intersection of Annunciation Street

and Calliope Street. Plaintiff alleges that Bulmer's negligence was the sole and proximate cause

of the accident, or in the alternative, that Merriman's negligence caused the accident.

## II.        PRESENT MOTION

On May 21, 2009, Defendants Tiffany Merriman and Progressive, Merriman's

insurer, filed a Motion for Summary Judgment. (Rec. Doc. 6). Defendants assert that

Merriman's affidavit establishes that she came to a complete stop at the intersection, waited for a

green light, and was then struck by Bulmer, who ran a red light.  According to the Defendants,

Progressive and Merriman, this shows that Merriman was not the sole and proximate cause of

the accident.  As Bulmer died before her testimony was recorded, Defendants assert that Plaintiff

will be unable to recover any evidence or testimony sufficient to overcome the prima facie case

established by Merriman's testimony that Bulmer ran a red light.  Therefore, Plaintiff will be

unable to meet her burden of proof by showing that negligence on the part of  Merriman

contributed to the accident, and so there is no genuine issue of material fact, and Defendants

Progressive and Merriman should be dismissed from the case.

Defendant State Farm Automobile Insurance Company (hereinafter "State Farm"),

the insurer of Mary Bulmer, invoked Rule 56(f), and asserted that the Motion for Summary

Judgment was premature, as State Farm had not had an opportunity to discover information

essential to its opposition.  Rec. Doc. 7.  State Farm asserted that eight days after the instant case

was removed to this Court, State Farm propounded basic interrogatories and discovery request to

Defendants, with a due date of May 31, 2009, ten days after Defendants filed the instant motion.

As Progressive and Merriman had not responded to State Farm's discovery requests, State Farm

asserted that it is unable to show Merriman's negligence, which is vital to their opposition to the

instant motion.

State Farm has since received responses to its interrogatories, but has indicated an

inability to provide additional evidence as to the actions of Mary Bulmer on the day of the

accident.

III.     **LAW & ANALYSIS**

Summary judgment is only appropriate when "the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

While under Rule 56(b) a defendant's motion for summary judgment may be filed at any time, parties moving for or opposing summary judgment typically need "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When the discovery process will not produce evidence that creates a genuine issue of material fact, a court is not prohibited from granting summary judgment before discovery is completed. *See Dreyer v. Yelverton*, 291 Fed.App'x. 571, 577-78 (5th Cir. 2008) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-86 (5th Cir. 1990)). In *Dreyer v. Yelverton*, the plaintiff brought claims of violation of her rights of free speech, equal protection and due process, as well as defamation, against defendants, her employer and superiors, after she was terminated for falsifying time sheets. *Id*. at 575. The United States Court of Appeals for the Fifth Circuit affirmed the lower court's grant of defendant's motion for summary judgment on defendants' claims of immunity, despite plaintiff's argument that she was unable to respond to the motion because she had not had adequate time for discovery. *Id*. at 575-76. The Fifth

Circuit found that although a plaintiff should be allowed adequate time for discovery for a summary judgment ruling, the plaintiff must do more than make a general assertion that more time for discovery is needed, and show how extra time will enable them to create a genuine issue of material fact. *Id*. at 577 (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994)).

In the instant case, this court has delayed ruling on Defendants' Motion for Summary Judgment since its filing on May 21, 2009. State Farm has had adequate time for discovery, and the responses to its interrogatories have provided no evidence that raises a genuine issue of material fact. As no disputed facts remain, and because the death of Mary Bulmer eliminates any possibility that new material evidence will emerge, Defendants' Motion for Summary Judgment should be granted.

**IV.    CONCLUSION**

Accordingly, IT IS ORDERED that the Motion for Summary Judgment of Defendants Progressive and Tiffany Merriman is GRANTED.

New Orleans, Louisiana, this 2nd day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE