UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LORILI SEDILLO** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 09-3348** |
| **STATE FARM AUTOMOBILE INSURANCE COMPANY, ET AL.** | * | **SECTION: "L" (3)** |

## ORDER AND REASONS

Currently pending before the Court is Defendant David Bulmer's 12(b)(2) motion to dismiss for lack of personal jurisdiction. (Rec. Doc. 79). Because the Plaintiff has alleged a *prima facie* case that David Bulmer is subject to personal jurisdiction in the capacity of executor of Mary Bulmer's estate, the motion is DENIED.

### I. BACKGROUND AND PRESENT MOTION

This case arises from an automobile accident in New Orleans, Louisiana, on February 10, 2008. (Rec. Doc. 1). Plaintiff Lorili Sedillo, a resident and citizen of Texas, alleges that she was injured when the car she was riding in collided with a car driven by Mary Bulmer, a resident and citizen of New Hampshire. Sedillo filed suit in the Civil District Court, Parish of Orleans, against State Farm Automobile Insurance Company, Progressive Insurance Company, Mary Bulmer, and Tiffany Merriman (the driver of the car in which Plaintiff was riding). The case was removed to this Court.

Before Plaintiff filed suit, Mary Bulmer passed away. Plaintiff has encountered some

1

difficulty identifying a proper representative of Mrs. Bulmer to sue.  Most recently, Sedillo amended her complaint to assert a claim against David Bulmer, husband of the decedent, in his capacity as alleged executor, administrator, and/or heir or legatee of Mary Bulmer.  (Rec. Doc. 78).  David Bulmer now moves to dismiss for lack of personal jurisdiction.  David Bulmer contends that the plaintiff has not established that he has any contacts with Louisiana and therefore personal jurisdiction is improper and the claim against him should be dismissed.  Plaintiff has filed a memorandum in opposition to defendant's motion to dismiss.

## II.     LAW AND ANALYSIS

"When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to show that personal jurisdiction exists." *Lionheart Dev. v. Apex Bldg. Sys. LLC*, No. 08-4070, 2009 U.S. Dist. Lexis 129562, at *4 (E.D. La. Jan. 5, 2009) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).  The plaintiff must make a *prima facie* showing that the defendant is subject to personal jurisdiction.  *Hebert v. C.R. England, Inc.*, No. 08-4974C, 2009 U.S. Dist. LEXIS 39079, at *5 (E.D. La. May 6, 2009).  The plaintiff's allegations are taken as true and factual discrepancies are resolved in favor of the plaintiff. *Lionheart*, 2009 U.S. Dist. Lexis 129562, at *4 (citing *Thompson v. Chrysler Motors. Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court may rely upon affidavits, interrogatories, depositions, oral testimony, or any combination of discovery methods. *Thompson*, 755 F.2d at 1165.

To establish that David Bulmer is subject to personal jurisdiction within Louisiana in his capacity as an alleged executor or administrator of Mary Bulmer's Estate, Plaintiff must demonstrate that: (1) jurisdiction over David as an executor is appropriate under Louisiana's

2

long-arm statute, and (2) the exercise of personal jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.[1]  *Lionheart*, 2009 U.S. Dist. Lexis 129562, at *4 (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).

## A.    LOUISIANA'S LONG-ARM STATUTE

Louisiana's long-arm statute provides that "a court may exercise personal jurisdiction over a nonresident, who . . . . caus[es] injury or damage by an offense or quasi offense committed through an act or omission in this state." La. Rev. Stat. § 13.3201(A)(3). Furthermore, the statute provides that "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. Rev. Stat. § 13.3201(B).  For purposes of the statute, a nonresident is "an individual, his executor, administrator, or other legal representative, who at the time of the filing of the suit is not domiciled in this state." La. Rev. Stat. § 13.3206.  Because a nonresident includes an individual's executor, "long-arm jurisdiction exists over an executor with respect to a cause of action against a decedent arising from the decedent's activity within the state." *Lionheart*, 2009 U.S. Dist Lexis 129562, at *7 (citing *Songbyrd, Inc. v. Estate of*

---

[1] "For a federal court to assert personal jurisdiction over a claim, the plaintiff must validly serve process upon the defendant." *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2009 U.S. Dist. LEXIS 57559, at *3 (E.D. La July 6, 2009) (citing *Omni Capital Int'l v. Ltd. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). The operation of motor vehicle by non-resident within Louisiana effectively appoints the secretary of state as an agent for service of process on the non-resident. *See La. Rev. Stat.* § 13.3474. The statute also provides that service on the executor, heirs, or legatees of a deceased non-resident motorist has the same effect as if served upon the defendant personally. *Id.* Defendant does not contest the service of process.

*Grossman*, 206 F.3d 172, 180-81 (2d Cir. 2000); *Crosson v. Conlee*, 745 F.2d 896, 901 (4th Cir. 1984)). Although David Bulmer asserts in his memorandum that he is not an executor, Plaintiff's allegations that David Bulmer is an executor of Mary's estate must be taken as true for the purposes of this motion in the absence of an opposing affidavit. *Lionheart*, 2009 U.S. Dist. Lexis 129562, at *4 (citing *Thompson v. Chrysler Motors. Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). Therefore, Plaintiff has satisfied her burden under Rule 12 alleging facts that, if true, would grant long-arm jurisdiction over David Bulmer, an executor, for acts or omissions of Mary Bulmer within Louisiana.

**B.     CONSTITUTIONAL LIMITS ON PERSONAL JURISDICTION**

The Due Process clause limits personal jurisdiction to cases where: "(1) the defendant has purposefully availed itself of the benefits and protection of the forum state by establishing 'minimum contacts' with that state and (2) exercising personal jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Lionheart*, 2009 U.S. Dist. Lexis 129562, at *5 (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). A defendant's contacts with a forum may give rise to either specific or general jurisdiction. *See Lyons v. Swift Transp. Co.*, 2001 U.S. Dist. LEXIS 15585, at *7 (E.D. La. Sept. 26, 2001) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). "Specific jurisdiction exists when a plaintiff's cause of action arises from or is related to the defendant's minimum contacts." *Lionheart*, 2009 U.S. Dist Lexis 129562, at *7 (citing *Helicopteros*, 466 U.S. at 414 n.8; *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

The United States Court of Appeals for the Fifth Circuit applies a three step test for analyzing specific jurisdiction. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). The court must determine:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (internal citations omitted). "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id*. (citing *Nuovo*, 310 F.3d at 382).

In the present case, the first two prongs are clearly satisfied. First, Plaintiff has alleged that Mary Bulmer was operating a motor vehicle within Louisiana. By operating a motor vehicle, Mary Bulmer was availing herself of Louisiana's roadways and conducting activities directly within Louisiana. Furthermore, because personal jurisdiction would have existed over Mary, David Bulmer, as the alleged executor of Mary Bulmer's Estate, is subject to personal jurisdiction here. *See Lionheart*, 2009 U.S. Dist. Lexis 129562, at *4 (finding that representatives of an estate were subject to personal jurisdiction in Louisiana from the acts of the decedent). Second, Plaintiff alleges that she was injured when the car driven by Mary Bulmer collided with a car in which she was a passenger. Plaintiff's cause of action thus arises directly from Mary Bulmer's actions of driving a vehicle within Louisiana.

Plaintiff has satisfied her burden that the cause of action arises out of Mary Bulmer's activities purposefully directed towards Louisiana.  Therefore, the burden shifts to David Bulmer to show that this Court's exercise of jurisdiction would be unfair or unreasonable.  David Bulmer argues that he has no contacts with Louisiana.  However, David Bulmer does not provide evidence tending to show that the exercise of personal jurisdiction is unfair or unreasonable.[2] Exercising jurisdiction in Louisiana may be inconvenient, but exercising jurisdiction elsewhere would be similarly inconvenient for the plaintiff.  *See Lionheart*, 2009 U.S. Dist. Lexis 129562, at *13.  Accordingly, the Court finds no basis for granting the defendant's motion to dismiss. The Court notes that the Plaintiff has not established David Bulmer is individually subject to personal jurisdiction within Louisiana, but only as the alleged executor of Mary Bulmer's estate.

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

New Orleans, Louisiana, this   5th   day of   November  , 2010.

_____

UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Bulmer argues jurisdiction is unfair because he is not in fact Mary Bulmer's executor, the Court must take Plaintiff's allegations as true for the purposes of this motion in the absence of a contradictory affidavit.